BARBARA ABSHER v. VANNOY-LANKFORD PLUMBING CO., INC.

No. 8523SC253

(Filed 31 December 1985)

1. **Appeal and Error § 7.1— favorable judgment—plaintiff not aggrieved party**
    Plaintiff was not an aggrieved party and had no standing to appeal the trial court's decision to allow the jury to decide whether plaintiff's employer's negligence concurred with that of defendant in causing plaintiff's injuries, since all issues submitted to the jury were answered in plaintiff's favor, and whether plaintiff's employer was brought into the action or not, plaintiff's ultimate recovery would still be limited to the difference between the amount of the jury award and the amount of the workers' compensation award.

Absher v. Vannoy-Lankford Plumbing Co.

### 2. Interest § 2— computation on part of jury award

The trial court properly allowed interest on the amount of the jury award less the amount of the workers' compensation award rather than on the entire amount of the jury award, since interest should be calculated only on the amount plaintiff was actually entitled to receive. G.S. 24-5.

APPEAL by plaintiff from *Rousseau, Judge*. Judgment entered 26 October 1984 in Superior Court, WILKES County. Heard in the Court of Appeals 5 November 1985.

Plaintiff instituted this action on 10 November 1982 seeking damages for injuries received in an accident at her place of employment on 11 November 1981 and allegedly caused by defendant's negligence. Defendant's answer alleged that plaintiff's injuries were caused by the joint and concurring negligence of her employer, North Wilkesboro Coca-Cola Bottling Company (Coca-Cola). Defendant's answer was served on Richard T. "Dick" McNeil, president of Coca-Cola, on 12 January 1983 by certified mail, return receipt requested. From her employer's workers' compensation insurance carrier, The Maryland Casualty Company, plaintiff received $20,108.16.

The jury found that plaintiff was injured by defendant's negligence, that plaintiff was not contributorily negligent, that plaintiff was damaged in the amount of $26,400 and that the negligence of plaintiff's employer concurred with defendant's negligence in causing plaintiff's injuries. Pursuant to G.S. 97-10.2(e) the trial judge reduced plaintiff's award by $20,108.16, the amount which plaintiff's employer would otherwise have been entitled to receive by way of subrogation, and entered judgment awarding plaintiff the principal sum of $6291.84 plus 8% interest from the date the action was instituted.

Upon entry of judgment, plaintiff filed notice of appeal.

*Franklin Smith for plaintiff-appellant.*

*Womble, Carlyle, Sandridge and Rice by Richard T. Rice and William A. Blancato for defendant-appellee.*

EAGLES, Judge.

a.

[1]  By her first assignment of error, plaintiff asserts that the trial court erred in denying her motion in limine and her motion to strike and in submitting the issue of employer's joint and concurring negligence to the jury. In essence, plaintiff appeals the trial court's decision to allow the jury to decide whether plaintiff's employer's negligence concurred with that of defendant. The basis of plaintiff's argument is that Coca-Cola, plaintiff's employer, was not properly served with defendant's answer alleging joint and concurrent negligence. Because plaintiff is not a party aggrieved, plaintiff has no standing. As to this first assignment of error, plaintiff's appeal is dismissed.

G.S. 1-271 provides for the right of appeal to any "party aggrieved." The "party aggrieved" is the one whose rights have been directly and injuriously affected by the judgment entered in the superior court. *Freeman v. Thompson*, 216 N.C. 484, 5 S.E. 2d 434 (1939). Plaintiff here is not a "party aggrieved." All issues submitted to the jury were answered in her favor. Further, plaintiff's attorney did not represent plaintiff's employer, Coca-Cola. Whether or not Coca-Cola was properly served with defendant's answer has no bearing on plaintiff's recovery. G.S. 97-10.2(e) (1979) provides that where the jury finds that the employer's negligence joined and concurred with the third party's negligence to cause plaintiff's injuries, the plaintiff's award must be reduced by "the amount which the employer would otherwise be entitled to receive therefrom by way of subrogation . . . and the entire amount recovered, after such reduction, shall belong to the employee. . . ."

Whether Coca-Cola was properly served is of significance only to Coca-Cola if it had chosen to defend against allegations that its negligence concurred with the defendant's negligence in causing injury to plaintiff. Even if the jury found the negligence issue in favor of Coca-Cola, plaintiff's award would still be reduced as required by G.S. 97-10.2(f)(1) (1979) which provides in pertinent part:

[I]f an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount

obtained by . . . judgment against . . . the third party by reason of such injury . . . shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

a. First to the payment of actual court costs taxed by judgment.

b. Second to the payment of the fee of the attorney representing the person . . . obtaining judgment. . . .

c. Third to the *reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid* or to be paid by the employer under award of the Industrial Commission. [Emphasis added.]

d. Fourth to the payment of any amount remaining to the employee or his personal representative.

Either way, plaintiff's ultimate recovery would be limited to $6291.84 which represents the difference between the $26,400 jury award and the $20,108.16 workers' compensation award.

Accordingly, we hold that as plaintiff was not a "party aggrieved" by the judgment entered in the Superior Court, plaintiff's appeal as to this first assignment of error is dismissed.

b.

[2] Plaintiff assigns as error that the court erred in limiting interest allowed to interest on $6291.84 and not permitting interest on the unreduced amount of the jury award. Plaintiff's argument is wholly without merit.

The jury found that plaintiff was damaged in the amount of $26,400. G.S. 97-10.2 contemplates that the employee's action against a "third party is to be tried on its merits as an action in tort," and any verdict "adverse to the third party is to declare the full amount of damages suffered by the employee," notwithstanding any award for compensation under the Workers' Compensation Act. *Lovette v. Lloyd*, 236 N.C. 663, 668, 73 S.E. 2d 886, 891 (1953).

Under G.S. 24-5, plaintiff is entitled to receive interest on the portion of her "money judgment" that represents "compensatory damages." Because plaintiff had already received a workers' com-

pensation award of $20,108.16, the judgment awarded plaintiff $6291.84 in damages. The trial court arrived at that figure by following the requirements of G.S. 97-10.2(e). After the reductions required by statute are made, it can be determined what amount plaintiff is actually entitled to receive. Interest should be calculated based on the amount plaintiff is actually entitled to receive. Accordingly, plaintiff's second assignment of error is overruled.

The result here is that as to plaintiff's first assignment of error the appeal is dismissed. In all other respects, we find no error in the trial.

Dismissed in part; no error.

Chief Judge HEDRICK and Judge WELLS concur.