Plaintiff was injured in a motor vehicle accident under compensable circumstances. Defendants submitted and obtained approval of a Form 21 from the Commission — "a written admission of liability for benefits" within the meaning of N.C. Gen. Stat. § 97-10.2(f)(1) — and paid $44,378.40 in cash and medical compensation benefits. Plaintiff recovered $95,000.00 from the third party tortfeasor that caused the motor vehicle accident, plus pre-judgment interest per N.C. Gen. Stat. § 24-5(b). After the Superior Court judge declined to reduce the compensation carrier's lien, the Executive Secretary of the Commission entered an Order distributing the third party proceeds which reimbursed defendants for benefits paid, together with the share of pre-judgment interest attributable to that sum, less a proportionate share of the attorney's fees and costs of prosecuting the civil suit. Plaintiff appeals the Order on the grounds that the plaintiff is entitled to all of the pre-judgment interest, and that the Executive Secretary erred in ordering that a portion be paid to defendants.
The distribution of third party recovery by the Industrial Commission in cases where the employer has accepted liability and a judgment has been rendered against a third party tortfeaser sufficient to compensate the subrogation claim of the Workers' Compensation Insurance carrier is governed by N.C. Gen. Stat. § 97-10.2(f). According to that statute the Industrial Commission shall disburse any amount obtained according to the order of priority listed thereunder. The language of this statute refers to distribution of "any amount obtained." Plaintiff herein obtained $95,000.00 by court judgment and $5,000.00 through interest on the judgment. Based upon said statute the Industrial Commission's Order of disbursement should disburse $100,000.00 according to the order of priority provided by statute. The statute does not address pro-rating interest.
Based upon the January 13, 1994 Order by the presiding Superior Court Judge, the amount of defendant's subrogation lien was introduced into evidence and was to be deducted from the judgment awarded to plaintiff as allowed by N.C. Gen. Stat. §97-10.2(c). In the January 13, 1994 Order entered by the Presiding Judge of the Superior Court of Hyde County, it was Ordered that North Carolina Farm Bureau recover $44,378.40, the full amount of its subrogation lien. Any issue concerning disbursement of the interest awarded by that court should have been presented to the presiding Superior Court Judge at that time.
Further, if it had been determined that the interest is to be pro-rated, the defendant would not be entitled to all of the $1,566.67 awarded herein. As of the date interest began to accrue on the $95,000.00 judgment awarded to plaintiff, defendant's out-of-pocket expenditures were less than the $44,378.40 amount from which interest is being pro-rated. Although the exact amount defendant had paid on behalf of plaintiff as of January 15, 1992 (the date the civil action was filed) is not in evidence, the undersigned take judicial notice of the Form 24 Application to Stop Payment approved by the Industrial Commission on June 16, 1992 which shows that plaintiff received compensation through May 15, 1992.
If defendants are automatically awarded a share of interest on court judgments based upon the amount of their subrogation lien in proportion to the award, it is conceivable that a workers' compensation defendant could admit liability and pay a claim after a judgment in a third party tort action has been entered in favor of plaintiff and still claim a pro-rata share of interest even if there is no actual "loss of use" of its money.
**********
Accordingly, the Full Commission find as follows:
The stipulations contained in the Pre-Trial Agreement dated July 17, 1995 are incorporated into the record by reference. Several documents referenced therein and the entire contents of the Industrial Commission file are stipulated into evidence.
**********
Based upon all of the competent, credible, and convincing evidence of record, the Full Commission make the following
FINDINGS OF FACT
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and the subject matter herein.
2. On August 16, 1991, an employment relationship existed between the plaintiff and the defendant-employer, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. North Carolina Farm Bureau Mutual Insurance Company was the workers' compensation carrier for the defendant-employer at all relevant times.
4. On August 16, 1991, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer when he was involved in a motor vehicle collision with a vehicle driven by a third party, Eula Norris Hargis.
5. The defendants admitted liability pursuant to a Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on October 28, 1991, and paid compensation and medical expenses in the amount of $44,378.40.
6. The plaintiff filed a negligence action against the third party driver, Eula Norris Hargis, in Hyde County Superior Court. On December 17, 1993, the plaintiff was awarded damages in the amount of $95,000.00, and judgment was entered thereon on January 6, 1994.
7. On January 20, 1994, the Superior Court Judge pre-siding denied the plaintiff's motion to reduce the workers' compensation lien held by the defendant-carrier herein as a result of the $44,378.40 it paid under the Workers' Compensation Act.
8. Pursuant to a request by the plaintiff, and according to N.C. Gen. Stat. § 97-10.2, on February 3, 1994, the Executive Secretary of the Industrial Commission issued an Order Directing Distribution of Third Party Recovery. The order stated, in pertinent part, as follows:
 The sum of $44,378.40 plus interest if applicable, subject to counsel fee, shall be paid the workers' compensation carrier in full settlement of its subrogation interest.
9. Pre-judgment interest on the $95,000.00 judgment was paid by the third party tortfeasor in the amount of $5,000.00. The defendant-carrier's pro-rated share would have been $1,566.67.
10. On February 24, 1994, plaintiff requested a reconsideration of the Order Directing Distribution of Third Party Recovery, arguing that the defendant-carrier does not have the right to any interest. On March 14, 1994, the Executive Secretary reaffirmed his prior Order Directing Distribution of Third Party Recovery.
11. Pursuant to the said Order, the plaintiff paid the defendant-carrier the amount of its subrogation lien from third party recovery, less its pro-rata share of attorneys' fees and expenses. Further, on July 20, 1994, the plaintiff paid $1,556.67 under protest to the defendant-carrier for its pro-rata share of the interest, pending a determination by the Industrial Commission of the parties' rights regarding the pre-judgment interest.
**********
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. The plaintiff is entitled to receive interest on his portion of the money judgment that represents compensatory damages, N.C.G.S. § 24-5(b); Absher v. Vannoy-LankfordPlumbing Co., 78 N.C. App. 620, cert. denied,316 N.C. 730 (1985). Interest shall be calculated based on the amount the plaintiff is actually entitled to receive after the defendant-carrier's subrogation lien amount is subtracted.Absher v. Vannoy-Lankford Plumbing Co., 78 N.C. App. 620,cert. denied, 316 N.C. 730 (1985).
2. However, as the Workers' Compensation Statute does not specifically address interest, pro-rated or otherwise, in addition to full satisfaction of the subrogation lien, the undersigned find they cannot award such interest to defendant-carrier absent some authority given to them to do so.
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enter the following
ORDER
1. Defendant-carrier may not retain the $1,556.67 in interest paid by plaintiff and must return said funds to plaintiff.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ___________________, 1998.
 S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ J. RANDOLPH WARD*
COMMISSIONER
* (Former Commissioner Ward participated in this decision prior to the expiration of his term)
JHB/kws