**BARTELL v. SAWYER**

[132 N.C. App. 484 (1999)]

WILLIAM BARTELL, Employee, Plaintiff-Appellee v. FLOYD A. SAWYER, Employer and NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Carrier, Defendant-Appellants

No. COA98-410

(Filed 2 March 1999)

### 1. Workers' Compensation— subrogation interest in third-party negligence recovery—prejudgment interest

Defendants were not entitled to prejudgment interest where plaintiff was injured in a motor vehicle collision with a third party, received workers' compensation benefits, was awarded damages and prejudgment interest in a third-party negligence action against the operator of the motor vehicle, and defendants were properly allocated funds from the third-party recovery for their subrogation interest. The language of N.C.G.S. § 97-10.2(f)(1) is clear and unambiguous, needs no interpretation, and does not provide for defendants to collect a pro rata share of the prejudgment interest.

### 2. Workers' Compensation— third-party negligence recovery—prejudgment interest—disbursal to plaintiff

Although defendants argued that they were entitled to a pro rata share of a workers' compensation plaintiff's prejudgment interest award on a third-party negligence recovery in order to prevent double recovery by plaintiff, disbursal of prejudgment interest is not specifically addressed in N.C.G.S. § 97-10.2(f)(1) and the plain language of N.C.G.S. § 97-10.2(f)(1)(d) unambiguously directs disbursal to plaintiff of "any amount remaining."

Appeal by defendants from opinion and award entered 12 February 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 29 October 1998.

*Darrell B. Cayton, Jr., for plaintiff-appellee.*

*Young, Moore & Henderson P.A., by J. Aldean Webster III, for defendant-appellants.*

McGEE, Judge.

Defendants appeal from an opinion and award of the North Carolina Industrial Commission (Commission) dated 12 February 1998 denying defendants a pro-rata share of pre-judgment interest

recovered by plaintiff in a third party negligence action. The opinion and award of the Commission reversed the third party distribution order entered by a deputy commissioner 26 July 1996.

The Commission found that plaintiff was injured on 16 August 1991, "when he was involved in a motor vehicle collision with a vehicle driven by a third party, Eula Norris Hargis." The Commission determined the accident arose "out of and in the course of [plaintiff's] employment with the defendant-employer," and that plaintiff was entitled to receive workers' compensation benefits. The parties entered into a Form 21 agreement for compensation for disability, which was approved by the Commission on 28 October 1991. Defendants paid compensation and medical expenses to plaintiff in the amount of $44,378.40. Plaintiff filed a third party negligence action against Eula Norris Hargis, the operator of the vehicle. Plaintiff was awarded $95,000 in damages and $5,000 in pre-judgment interest in a jury trial in December 1993.

Defendants had already paid workers' compensation benefits to plaintiff in the amount of $44,378.40. Pursuant to N.C. Gen. Stat. § 97-10.2(f)(1) (1991), defendants had a subrogation interest in plaintiff's third party recovery equaling the total amount of workers' compensation payments made to plaintiff. The Commission properly allocated these funds to defendants, and these funds are not at issue.

Defendants contend they are entitled to a pro-rata share of the pre-judgment interest plaintiff received on his third party recovery. The executive secretary of the Commission ordered the distribution of the third party recovery on 3 February 1994. In pertinent part, the order stated, "The sum of $44,378.40 plus interest if applicable, subject to counsel fee, shall be paid the workers' compensation carrier in full settlement of its subrogation interest."

Plaintiff requested a reconsideration of this order on 24 February 1994, arguing that defendants were not entitled to a share of the pre-judgment interest. The executive secretary of the Commission reaffirmed his order on 14 March 1994, and plaintiff paid defendants the amount of their subrogation lien from his third party recovery. Plaintiff also paid defendants their pro-rata share of the pre-judgment interest on 20 July 1994, an amount equaling $1,566.67.

Plaintiff appealed, arguing that defendants were not entitled to a pro-rata share of the pre-judgment interest that plaintiff had received

on his third party recovery. In an opinion and order dated 26 July 1996, the deputy commissioner concluded that defendant-carrier was entitled to receive its pro-rata share of the pre-judgment interest award "[i]n full satisfaction of its subrogation lien."

Plaintiff appealed to the Full Commission, and based upon the foregoing facts, the Commission made the following conclusions of law:

1. The plaintiff is entitled to receive interest on his portion of the money judgment that represents compensatory damages, N.C.G.S. §24-5(b); *Absher v. Vannoy-Lankford Plumbing Co.*, 78 N.C. App. 620, *cert. denied*, 316 N.C. 730 (1985). Interest shall be calculated based on the amount the plaintiff is actually entitled to receive after the defendant-carrier's subrogation lien amount is subtracted. *Absher v. Vannoy-Lankford Plumbing Co.*, 78 N.C. App. 620, *cert. denied*, 316 N.C. 730 (1985).

2. However, as the Workers' Compensation Statute does not specifically address interest, pro-rated or otherwise, in addition to full satisfaction of the subrogation lien, the undersigned find they cannot award such interest to defendant-carrier absent some authority given to them to do so.

The Commission ordered defendants to return to plaintiff the $1,566.67 in pre-judgment interest. Defendants appeal the order of the Commission.

[1] Defendants argue they are entitled to their pro-rata share of the pre-judgment interest plaintiff received on his third party recovery in order to be fully reimbursed. We disagree and find defendants' argument contrary to the plain meaning of N.C. Gen. Stat. § 97-10.2(f)(1) (1991).

N.C. Gen. Stat. § 97-10.2(f)(1) (1991) states:

If the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

a  First to the payment of actual court costs taxed by judgment and/or reasonable expenses incurred by the employee in the litigation of the third-party claim.

b.  Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and except for the fee on the subrogation interest of the employer such fee shall not be subject to the provisions of G.S. 97-90 but shall not exceed one third of the amount obtained or recovered of the third party.

c.  Third to the reimbursement of the employer for all benefits by way of compensation or medical compensation expense paid or to be paid by the employer under award of the Industrial Commission.

d.  Fourth to the payment of any amount remaining to the employee or his personal representative.

In disbursing any remaining amounts, section d. of the statute unambiguously states that "any amount remaining" from a judgment against a third party shall be disbursed "to the employee or his personal representative." N.C. Gen. Stat. § 97-10.2(f)(1)d.

Our Supreme Court has held that "[w]hen language used in [a] statute is clear and unambiguous, [the Court] must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning." *Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996) (citation omitted). The Commission correctly determined that N.C. Gen. Stat. § 97-10.2(f)(1) "does not specifically address interest, pro-rated or otherwise," and that it could not "award such interest to defendant-carrier absent some authority[.]" We agree that the language of the statute does not provide for defendants to collect a pro-rata share of the pre-judgment interest; the language of the statute is clear and unambiguous and needs no interpretation. Defendants' subrogation lien was fully satisfied by plaintiff's payment of $44,378.40 to defendants from his third party recovery. From the third party recovery, defendants were paid the sum of $44,378.40, less one-third in attorney's fees and $349 in expenses, by direction of the executive secretary of the Commission. Pursuant to N.C. Gen. Stat. § 97-10.2(f)(1)c., defendants were reimbursed "for all benefits . . . paid or to be paid by the employer under award of the Industrial Commission." The statute simply does not state that defendants are entitled to any pre-judgment interest.

BARTELL v. SAWYER

[132 N.C. App. 484 (1999)]

**[2]** Defendants also argue that they are entitled to their pro-rata share of plaintiff's pre-judgment interest award to prevent double recovery by plaintiff. Our Court addressed a similar issue in *Absher v. Vannoy-Lankford Plumbing Co.*, 78 N.C. App. 620, 337 S.E.2d 877 (1985), *disc. review denied*, 316 N.C. 730, 345 S.E.2d 385 (1986). In *Absher*, the employee filed an action for personal injury in Superior Court and the defendant filed an answer asserting that the employee's injuries were caused by joint and concurring negligence of her employer. A jury awarded plaintiff damages in the amount of $26,400. Pursuant to N.C. Gen. Stat. § 97-10.2(e), the trial court "reduced the employee's award by $20,108.16, the amount which plaintiff's employer would otherwise have been entitled to receive by way of subrogation, and entered judgment awarding plaintiff the principal sum of $6,291.84 plus 8% interest from the date the action was instituted." *Absher* at 621, 337 S.E.2d at 877. On appeal to our Court, we held that the employee was not entitled to interest on the entire award where that award had been reduced by the amount she had received in workers' compensation benefits. We stated that:

> Under G.S. 24-5, plaintiff is entitled to receive interest on the portion of her "money judgment" that represents "compensatory damages." Because plaintiff had already received a workers' compensation award of $20,108.16, the judgment awarded plaintiff $6291.84 in damages. The trial court arrived at that figure by following the requirements of G.S. 97-10.2(e). After the reductions required by statute are made, it can be determined what amount plaintiff is actually entitled to receive. Interest should be calculated based on the amount plaintiff is actually entitled to receive.

*Id.* at 623-24, 337 S.E.2d at 879.

As stated in *Absher*, pre-judgment interest is to be calculated based upon the amount of money plaintiff is entitled to receive once an employer's subrogation lien for workers' compensation payments has been satisfied. *Absher* at 624, 337 S.E.2d at 879. In the present case, plaintiff was awarded $95,000 by the jury and received $5,000 in pre-judgment interest. Pursuant to N.C. Gen. Stat. § 97-10.2(f)(1), defendants received $44,378.40 of plaintiff's third party recovery as reimbursement for workers' compensation payments previously made. Following the jury award, the Commission's executive secretary entered an order in employee's workers' compensation action dividing the pre-judgment interest between the employee and employer on a pro-rata basis, with the employer receiving $1,566.67.

A deputy commissioner also determined the employer was entitled to receive this amount. The Commission, citing *Absher*, held that plaintiff was entitled to the entire pre-judgment interest on the amount he actually recovered, which was $95,000 less the $44,378.40 paid to defendants.

Neither *Absher* nor N.C. Gen. Stat. § 97-10.2(f)(1) direct that defendants receive a share of plaintiff's pre-judgment interest award. Disbursal of pre-judgment interest is not specifically addressed in N.C. Gen. Stat. § 97-10.2(f)(1). However, the plain language of N.C. Gen. Stat. § 97-10.2(f)(1)d. unambiguously directs disbursal to plaintiff of "any amount remaining." Therefore, defendants' other assignments of error need not be addressed.

The opinion and award of the Industrial Commission is affirmed.

Affirmed.

Judges JOHN and WALKER concur.